[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13184

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSHUA WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00064-SCB-TGW-1

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Joshua Williams appeals his 180-month sentence for being a felon in possession of a firearm and ammunition. 18 U.S.C. § 922(g)(1). Williams has moved for summary reversal arguing that, in the light of the Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024), the district court erred in applying a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), because a jury did not determine whether the predicate offenses for the enhancement occurred on different occasions. The government does not oppose Williams's motion.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review a preserved constitutional challenge to a sentence *de novo*. *United States v. Nealy*, 232 F.3d 825, 829 (11th Cir. 2000).

The Armed Career Criminal Act requires that any defendant who violates section 922(g) serve a mandatory minimum sentence of 15 years if the defendant has 3 prior convictions for violent felonies or serious drug offenses committed on different occasions. 18

U.S.C. § 924(e)(1). In *Erlinger*, the Supreme Court held that the Fifth and Sixth Amendments require that any fact used to increase the range of penalties to which a criminal defendant is exposed, including whether a defendant's past offenses were committed on different occasions, must be either admitted by the defendant in a guilty plea or resolved by a jury beyond a reasonable doubt. 602 U.S. at 834–35.

We grant Williams's motion for summary reversal. There can be no substantial question that under *Erlinger* Williams's judgment must be vacated and remanded for resentencing. *See Groendyke Transp., Inc.*, 406 F.2d at 1161–62. A jury did not find beyond a reasonable doubt that his predicate convictions were committed on different occasions nor did Williams admit that they were through his guilty plea. *See Erlinger*, 602 U.S. at 834–35. Time is of the essence because Williams has served more than the upper bound of his unenhanced sentencing range. *See Groendyke Transp., Inc.*, 406 F.2d at 1161–62. Because we grant Williams's motion for summary reversal based on the *Erlinger* error, we do not address the merits of the other issues he raises on appeal.

We **GRANT** Williams's unopposed motion for summary reversal, **VACATE** his sentence, and **REMAND** for resentencing.